AT

DAVENPORT, OCTOBER TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK, ⎫
" JOSEPH M. BECK, ⎬ JUDGES.
" AUSTIN ADAMS, ⎭

---

## PATTERSON v. JOHNSON.

1. **Fraud:** COVERING PERSONAL EARNINGS: STATUTES CONSTRUED. Plaintiff entered into an arrangement with her brother, who was insolvent, whereby she rented a farm of a third person and employed her brother to cultivate it in the use of his farm implements, which were exempt from execution, the object being to enable the brother to employ himself and his implements at a certain rate per month, which would be exempt from execution, rather than to rent the farm himself and raise the crops, which would be subject to execution. *Held* that the transaction was not fraudulent in law, and that the crops could not be subject to the payment of the brother's debts.

*Appeal from Jasper Circuit Court.*

TUESDAY, OCTOBER 3.

ACTION of replevin for certain grain. The cause was tried without a jury and, upon facts found by the court, judgment was rendered for plaintiff. Defendant appeals. The facts of the case fully appear in the opinion.

*H. S. Winslow,* for appellant.

*A. K. Campbell,* for appellee.

BECK, J.—I. The defendant, who is a constable, seized the grain in controversy upon two executions in his hands issued upon judgments recovered against R. C. Patterson. The plaintiff claims the ownership of the property. The defendant alleges that the grain is the property of R. C. Patterson, and that plaintiff's claim thereto is fraudulent as to the creditors of R. C. Patterson, being based upon transactions and contracts intended to delay and defeat the collection of his debts, and especially his judgments upon which the executions in defendant's hands were issued.

The court found that the grain in controversy was grown upon a farm rented by plaintiff, who is the sister of R. C. Patterson; that at the time the lease was executed plaintiff entered into a contract with her brother to cultivate the farm and to furnish all the seed, teams and implements, and do all the work and bear all expenses of the farm, she agreeing to pay him therefor $65 per month; that he was bound to make disposition of the crops as directed by the sister; that R. C. Patterson is, and was, insolvent prior to the lease and agreement with his sister, which was known to her; that he had rented the same farm for the preceding year of Deans and had executed a mortgage to plaintiff upon the crops raised for the purpose, on his part, of delaying and defeating his creditors, and that the mortgage was executed to secure a

debt he owed to his sister, but it is not shown that she knew of, and shared in, his fraudulent purpose. Other facts found by the court, so far as it is necessary to recite them, are stated in the following language of the findings:

"R. C. Patterson was living on the farm when the crops in question were raised, at the time both these contracts were made, and was then tenant of the Deans for the prior year. He found that if he rented the farm again and undertook to raise a crop there for the term covered by the lease to the plaintiff, his creditors would levy on his crops, and to avoid this danger, he procured his sister, the plaintiff, to rent the farm and induced her to hire him, as she did do, to the end that he might have employment, and prevent his creditors from attaching his wages or the fruits of his personal labor and earnings of and by the use of exempt property, and applying the same in payment of his debts, and the plaintiff made both of these contracts to aid her brother in so doing."

II. The findings disclose the fact that the purpose of plaintiff was to furnish her brother with employment for himself and such property as he used in farming which was exempt from execution, to the end that his earnings so made would be exempt from execution. The brother shared in this purpose. It is not found, nor was it claimed, that the contracts were not actually, and in good faith entered into; that it was not the purpose of both parties that plaintiff should become the actual tenant of Deans and should be bound by her contract with her brother. It appears that the inducements of these contracts were to enable the brother to employ his property exempt from execution, and his personal labor, so that his earnings would not be subject to his debts. It seems to be conceded, in this case, that his earnings by his personal labor, with the use of such property, would have been exempt from execution during the time prescribed by statute. It may, therefore, be inferred that he was the head of a family. Farming utensils and the team with which a farmer habitually earns his living, are exempt from execu-

tion. Code, § 3072. The earnings of a debtor for his personal services for ninety days are also exempt. Code, § 3074. These exemptions are secured to the heads of families. The provisions cited clearly exempt earnings of a farmer for personal services when using the property which is exempt from execution. We mean that his wages are exempt when he is hired, not that the crops he raises are exempt.

In the case before us R. C. Patterson was authorized by the law to contract for his personal services in connection with his exempt property, and to hold his earnings, for the time prescribed by the statute, free from the claim of his creditors. In making and performing the contract he committed no fraud—he executed a lawful right. It follows that plaintiff was guilty of no fraud. She was authorized to aid him in doing what the law regarded as honest on his part. It cannot be claimed that her connection with the transaction was a violation of law. This case somewhat resembles *Carn v. Royer*, 55 Iowa, 650.

We conclude that the transaction between plaintiff and her brother was not fraudulent, and that she acquired the *bona fide* title to the crops raised by her brother which are the subject of the action. The judgment of the Circuit Court is

AFFIRMED.